IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2011 SEP 21  P 3: 47

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DAVID R. AND SHARON K. DEAN,<br><br>　　　　　　　　　　　　　*Plaintiffs,*<br>v.<br><br>BAC HOME LOAN SERVICING, LP, *et al.*<br><br>　　　　　　　　　　　　　*Defendants.* | Civil Action No. 2:11-cv-785-MEF<br>Removed from the Circuit Court<br>of Elmore County, Alabama<br>Case No. CV2011-900158.00 |

## NOTICE OF REMOVAL

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP[1] ("Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1653, files this Notice of Removal, removing this civil action from the Circuit Court of Elmore County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of the Notice of Removal, Defendant states as follows:

### I.　FACTS AND PROCEEDINGS

1. On or about May 21, 2011, Plaintiffs filed a civil Complaint in the Circuit Court of Elmore County, Alabama ("Complaint") based on events related to 21 Mountain Terrace Lane, Wetumpka, Alabama ("Property"). Compl. ¶ 10.

2. In the Complaint, Plaintiffs allege Defendant failed to appropriately apply payments to her account, charged inappropriate fees, failed to engage in required loss mitigation, and failed to adhere to the standards and responsibilities outlined in the "Home Affordable Modification

---

[1] Since the initiation of the lawsuit, on July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A.

Program" ("HAMP"). *See* Compl. ¶ 14. Plaintiffs also allege Defendant lacks standing to foreclose on the Property. *See* Compl. ¶ 12.

3. In relation to these allegations, Plaintiffs assert the following causes of action: misrepresentation, suppression, breach of contract, negligence in servicing, wantonness in servicing, negligence in hiring, intentional infliction of emotional distress, trespass, conspiracy, breach of third party contract and defamation. *See* Compl. pp. 7-16. Plaintiffs seek to enjoin Defendants' contractual right to accelerate the debt due and proceed with foreclosure, as well unspecified monetary damages and punitive damages. *See* Compl. pp. 7-16.

4. Defendant was served with the Complaint and Summons on August 22, 2011. Therefore, this filing is within 30 days. *See* 28 U.S.C. § 1446(b).

5. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant are attached as **Exhibit A**.

6. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide the Clerk of the Circuit Court of Elmore County, Alabama with a Notice of Filing Notice of Removal, a copy of which is attached as **Exhibit B**.

7. In accordance with 28 U.S.C. § 1446(d), Defendant has also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

## II.   JURISDICTION AND VENUE

8. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2010).

9.      As required by 28 U.S.C. § 1441(a), Defendant has removed this case to the United States District Court for the Middle District of Alabama, Northern Division, which is the District Court embracing the place where the State Court Action is pending. Accordingly, venue lies in this Court.

10.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 as the face of Plaintiffs' Complaint requires the determination of a substantial federal question. Specifically, Plaintiffs are requesting that Defendant's obligations and liability be determined by construing the federal HAMP program's guidelines, requirements, and implementation issues as well as the Fair Credit Reporting Act ("FCRA") for reporting defamatory information to third parties.

11.     Further, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332. Specifically, this civil action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.  The existence of a Federal Question.

12.     Although Plaintiffs plead that they are not bringing any claims under any Federal laws, statutes, or regulations, their claims necessarily require the interpretation of the HAMP regulations, which are federal law, as well as the FCRA. *See* Compl. ¶ 9.

13. Whether a claim "arises under" a federal law "is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citation omitted). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S.*

3

*Cal.*, 463 U.S. 1, 27-28 (1983)). "[A]n 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (citation omitted). Where the complaint, on its face, brings causes of action created under state law, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Thus, the "artful pleading" doctrine allows removal where a well-pleaded complaint establishes that a plaintiff's right to relief under state law "requires resolution of a substantial question of federal law in dispute between the parties." *Id.*

14. The facts as pleaded by Plaintiffs are riddled with references to HAMP, including specifically an allegation that Defendants were required "to adhere to certain duties and/or responsibilities as outlined" in HAMP. Compl. ¶ 14. Further, Plaintiffs claim breach of contract in Count Three; however, the only "contract" referenced in the Complaint relates to the trial payment plan of HAMP. Compl. ¶¶ 47-50. As a result, to the extent that Plaintiffs purport to only assert a claim arising under state law, the resolution of that state-law claim nevertheless depends entirely upon the Court's determination of the substantial question of *federal* law at issue. While Plaintiffs assert no federal question exists, any underlying claim and right to relief necessarily requires the interpretation and resolution of a substantial question of federal law.

15. Accordingly, under the "artful pleading" doctrine applied in the Eleventh Circuit and other federal circuit courts, the necessity of resolving the substantial federal question at issue would establish this Court's subject matter jurisdiction even if the Complaint did not expressly invoke the laws of the United States (though Plaintiffs' Complaint in this action does).

### B. Complete Diversity of Citizenship Exists

16. Plaintiff is a citizen of Alabama. *See* Compl. ¶¶ 1, 2.

17. Bank of America, N.A. is a citizen of North Carolina because that is the location its articles of association establish as its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."); *see also* 28 U.S.C. § 1348 (stating that the Court has original jurisdiction over matters against a national banking association). Thus, for purposes of diversity, Defendant is a citizen of North Carolina.

18. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see Roper v. Saxon Mortg. Servs.*, 2009 U.S. Dist. LEXIS 37794, 6 (N.D. Ga. May 5, 2009) (holding that unnamed defendants are not to be considered for purposes of establishing complete diversity). Thus, for purposes of removal, complete diversity exists between Plaintiff and all defendants.

### C. The Amount in Controversy is Satisfied.

19. In the present case, the amount in controversy is satisfied because the Plaintiffs seek to stop the Defendants from acceleration of the full value of loan and foreclosure of the

Property, and, therefore seek to avoid the clear obligations of the note at issue. *See generally* Compl. The original amount of the Note was $260,000.00. *See* Note, attached hereto as **Exhibit C**. The Note was secured by a Mortgage executed by the Plaintiffs on June 27, 2005. *See* Mortgage, attached hereto as **Exhibit D**. The current amount owed under the Note is $241,771.62.

20. The amount in controversy here can be established by the value of the Property and/or the amount of the mortgage debt at issue. *See Mapp v. Deutsche Bank National Trust Co.*, 2009 WL 3664118, *3 (M.D. Ala. 2009) (noting that the value of mortgaged property is more than just the value of the equity in the property because ownership of property is a "bundle of rights" including title to the home and the right to peaceful possession and enjoyment of the property and holding that these objectives are "best measured by the value of the home itself"); *see also Blake v. Bank of America, N.A.*, 3:11-CV-00242-MEF (order entered July 6, 2011 denying remand due to the amount in controversy being met by the value of the Property in question) (copy attached as **Exhibit E**). Moreover, by avoiding foreclosure and attempting to enjoin enforcement of this debt, Plaintiffs effectively seek to avoid their debt of at least $241,771.62. Thus, the jurisdictional minimum is satisfied.

21. Further, the Plaintiffs fail to specify a monetary demand. *See* Compl. pp. 9-15. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Accordingly, in such a case where the amount is not "clearly on the face of documents before the court," the amount in controversy requirement is nonetheless satisfied when the jurisdictional amount is "readily deducible from" such documents. *Lowery v. Alabama Power Co.*, 483 F.3d

1184, 1211 (11th Cir. 2007). To ascertain the amount in controversy, the court considers the notice of removal and all other evidence presented by the defendants which can include both documents received from the plaintiffs and the defendants' own evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). The court may, as appropriate, use "deduction, inference, or other extrapolation" to find the amount in controversy when it is not perfectly clear on the face of the documents. *Id.* at 754. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* Because Plaintiffs seek an order disallowing Defendant from foreclosing on the Property secured by a loan of more than $241,000.00, it is appropriate for the Court to deduce that the amount in controversy is met. *See* Exhibits C, D.

22. Plaintiffs seek punitive damages in relation to each count of the Complaint, including the claim for civil conspiracy. *See* Compl. pp. 9-15. "The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well." *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 111336, 11-13 (S.D. Ala. 2010). "Alabama courts have authorized the award of punitive damages for fraud and bad faith claims." *Renfroe*, 2010 U.S. Dist LEXIS at *11-13. Thus, here, much like in *Renfroe*, although Plaintiffs have "not sought a specific amount of punitive damages in this case, reasonable minds can logically conclude that if [Plaintiffs] bad faith and fraud claims are proven, the punitive damages sought by [Plaintiffs], coupled with the compensatory damage . . . suffice to satisfy the jurisdiction amount in this case." *Id.*

### III.   CONSENT OF DEFENDANTS

24. This Notice of Removal is filed on behalf of Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, and there are no other defendants who have been served upon the date of filing this Notice of Removal known to Defendant.

Case 2:11-cv-00785-MEF-CSC   Document 1   Filed 09/21/11   Page 8 of 9

25. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: September 21, 2011                                 Respectfully Submitted,

*[signature]*
Alan M. Warfield (WAR055)
Barry A. Brock (BRO165)
Mary Colleen B. Beers (BLA125)
*Attorneys for Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP*

OF COUNSEL:
**Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre LLP**
1819 5th Avenue North, Suite 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
(205) 244-5200 Telephone
(205) 244-5400 Facsimile
awarfield@joneswalker.com
bbrock@joneswalker.com
mbeers@joneswalker.com

## CERTIFICATE OF SERVICE

I certify that on the 21st day of September, 2011, I caused copies of the foregoing to be sent via U.S. mail, postage-prepaid, to the following:

William Robertson
Lance Gould
Beasley, Allen Crow, Methvin, Portis & Miles, P.C
PO Box 4160
Montgomery, Al 36103

*/s/ MCBBeers*
OF COUNSEL